SETH PADELFORD *v.* PROV. MUTUAL F. INS. CO.

Where P. having effected insurance upon his dwelling house, rented it to A, who built an addition to it, in which addition a fire originated which destroyed the whole building, and P. thereupon brought his suit against the underwriters, who resisted upon the ground that the said material alteration in the insured premises was the "act of the proprietors" within the intent of a certain section of their charter: *Held,* that that only is an act of the proprietor in the sense of the charter cited, which the owner himself does, or authorizes to be done, or adopts as his before a loss accrues: and also *Held,* that it was properly left to the jury to determine, looking to all the circumstances surrounding the parties, how far the owner had in fact authorized the alterations made by the tenant.

*Semble,* That from the proximity of an owner's residence to the premises rented, the nature of the repairs and alterations made, and like circumstances, a jury is warranted in inferring his knowledge of, and assent to the alterations by his tenant.

THIS was a suit on a policy of insurance made by the defendants to the plaintiff, on a dwelling house in Cranston. The policy bears date March 18, 1851. The risk taken was for seven years from that date, and the sum assured $500. The building was wholly destroyed by fire, and notice thereof given to the defendants ninety days before the commencement of this action.

The plaintiff leased the said house to a tenant, who made an addition to the house, which took fire from defect in the stove pipe set up therein.

On the trial, the defendants contended that the policy was made void by reason of this alteration or addition

to the premises insured, no additional premium and deposite after such alteration having been settled and paid by agreement with the directors of the company, as provided for in sec. 23 of their act of incorporation, which is as follows :

" If any alteration should be made in any houses or buildings, by the act of the proprietors of them, after they are insured in the office of said Company, whereby they may be exposed to greater risk or hazard than they were in at the time they were insured, then, and in every such case, the insurance made upon such houses or buildings shall be void, unless an additional premium and deposite shall, after such alterations, be settled and paid by agreement with the Directors."

The plaintiff contended that the alteration was made without his knowledge or consent, by the tenant and for his own convenience, and that the policy was not affected thereby.

The case was tried before Mr. Justice Brayton at September term, 1854, who charged the jury, that the company was not liable under the terms of the policy, where a loss was occasioned by an alteration in the premises insured, if such alteration was made by the tenant of the insured, provided the insured was not aware of such alteration and the same was not communicated to him before the loss.

In the course of the trial the defendants, for the purpose of proving the assent of the insured to the alteration made in the premises, put in proof of a conversation between the insured and his tenant in relation to alterations which the tenant desired to be made in order to adapt the house to his business; and in relation to this conversation, the Court instructed the jury, that they should consider this conversation, and that it was for them to determine, taking it in connexion with all the

circumstances, whether it had reference to any material alteration affecting the risk, or only to such alterations as could properly be made within the policy; and whether material alterations were in the contemplation of the parties; and as they found the fact, so would the question of the liability of the' company be determined.

The jury found a verdict for the plaintiff for the amount of the policy, and the defendants moved for a new trial, on the ground that the charge of the court in the particulars aforesaid was erroneous in law.

*Tillinghast & Bradley* for defendants, contended, that the plaintiff under the facts shown, was to be held responsible for the acts of his tenant. But if not so held, he was to be presumed cognizant of the alterations made by his tenant, until the contrary was shown by him. Phil. on Ins. sec. 1032–1035.   4 Mass. 430.   5 Hill, 10. 21 Pick. 162.

*Thurston* for plaintiff, contra.   Charter of the Co. sec. 23; 3 Peters, 222; 10 Peters, 517; 2 Barn. & Ald. 72; 5 Barn. & Ald. 79; Angell on Fire Ins. sec. 122–5; 1 Sumner, 444; Phil. on Ins. 594.

STAPLES, C. J.—The execution of the policy and the destruction of the insured building being shown, the defendants are prima facie liable, the preliminary notice and demand on them being admitted or proved.   If they allege that the policy has been rendered void by reason of any alteration made in the building by the act of the proprietor, whereby the company is exposed to greater risk or hazard than they were in at the time of the insurance, the burden is on them to show it.   Under the

Seth Padelford *v.* Prov. Mutual Fire Ins. Co.

23d section of the charter of this company, such an alteration, so made, does avoid the policy.   It must be shown to be an alteration increasing the risk, and one for which a higher rate of premium would have been demanded had it existed at the time the policy was executed.   In this case that was admitted to be the nature of the alteration made.   It must also be by the act of the proprietor.   A tenant is not the proprietor within the meaning of that section.   It refers to the insured owner, and it must be his act, one that he does himself, or authorises to be done, or one which he adopts as his before any loss accrues.   The terms of this section, " act of the proprietors," implies all this, and are much more restricted than the words used in the policies referred to in the cases cited by the defendants.   In them the policies were to be avoided by any alteration increasing the risk, made " within the control " of the assured.   Under such a policy the assured may be perfectly passive.   The avoidance of the policy depends on no act of his.   He may be entirely ignorant of the alteration, but if it be one which at the time of making the policy he could control, by parting with the control, his policy is avoided by any act increasing the risk.

Whenever it is alleged, as in this case, that the proprietor authorized the alteration by parol, the jury are properly left to inquire as to the extent of the authority given.   In doing this, they ought to look at all the circumstances surrounding the parties at the time the authority was given, and particularly as to what kind of alterations the authority related, whether proper or within the policy, and such as increased the risk, and whether the authority was wholly unlimited as to the kind and nature of repairs.   They might also, under some circumstances,

infer that the proprietor knew of the alterations made by his tenants, from the fact of their near residence to each other. The alteration may be of such a nature that they will believe no tenant would make them without the previous knowledge and assent of his landlord. These circumstances were before the jury in this case, and after weighing them all, they returned a verdict for the plaintiff.

We see no error in the charge of the Court, which will entitle the defendants to a new trial.